IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

NYREE MATTHEWS

        Plaintiff,

Case No.: 24CV1604

v.

CASTLE SENIOR LIVING, INC.

        Defendant.

## COMPLAINT

**NOW COMES** the Plaintiff, Nyree Matthews, through her attorneys, OVB Law & Consulting, S.C., and hereby alleges as follows:

### PARTIES

1. Plaintiff, Nyree Matthews, is an adult Wisconsin resident residing at 7440 N. Granville Rd., Apt. 2, Milwaukee, WI 53224.

2. Defendant, Castle Senior Living, Inc., is an assisted living facility with its principal place of business located at 13050 W. Cleveland Ave., New Berlin, WI 53151.

3. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b).

### JURISDICTION AND VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.

5. Jurisdiction over the federal claims is invoked pursuant to 42 U.S.C.A. § 2000e-5(f), 28 U.S.C.A. § 1343(a)(4) and 28 U.S.C.A. §§ 2201 and 2202. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by 42 U.S.C.A. §§ 2000e et seq., providing for injunctive and other relief against racial, religious, national

1

origin, and sex discrimination in employment, and by 42 U.S.C.A. § 1981, providing for the equal rights of all persons in every state and territory within the jurisdiction of the United States.

6. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

7. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") and has, within 90 days of filing this complaint, received from the EEOC a Notice of Right to Sue, thereby fully completing the procedural prerequisites to file this lawsuit under Title VII of the Civil Rights Act of 1964, codified in Title 42 of the United States Code Section 2000e et seq.

**FACTS**

8. Plaintiff was employed by Defendant from February 2024 through April 18, 2024.
9. Plaintiff worked at Defendant's The Grand Hills Castle location in New Berlin, Wisconsin.
10. At all times during her employment with Defendant, Plaintiff was employed as a Patient Care Coordinator.
11. As a Patient Care Coordinator, Plaintiff was responsible for managing patient care plans, coordinating with healthcare providers, ensuring compliance with care protocols, and serving as a liaison between patients, their families, and the healthcare team to provide optimal care and support.
12. During Plaintiff's employment with Defendant, the Plaintiff was qualified to perform the essential functions of the position, and satisfactorily performed all duties of her position.
13. Upon information and belief, Plaintiff was the only African American employed by Defendant as a Patient Care Coordinator.

14. Plaintiff consistently received positive feedback from her peers and management and was never disciplined or placed on a performance improvement plan.

15. On or around April 18, 2024, Defendant's Director, Ms. Janell Breitzman ("Ms. Breitzman"), notified Plaintiff that her position was being eliminated, effective immediately.

16. Ms. Breitzman informed Plaintiff that her position was being eliminated due to the company's "lack of funds and lack of work."

17. Ms. Breitzman is a white woman.

18. Upon information and belief, on or around May 2024, shortly after Defendant terminated Plaintiff's employment, Defendant hired a white woman to fill the Patient Care Coordinator position previously held by the Plaintiff.

19. This new hire was assigned the exact same responsibilities as Plaintiff, and upon information and belief, worked the same hours as Plaintiff, strongly suggesting that the Plaintiff's role was not genuinely eliminated due to "lack of funds and lack of work," but rather as a pretext for discriminatory practices.

**FIRST CAUSE OF ACTION**
**Violation of Title VII of the Civil Rights Act**
**(Discrimination)**

20. Plaintiff incorporates and realleges paragraphs 1-19.

21. Under 42 U.S.C.A. § 2000e-2(a)(1) and (2), "it shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities

or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

22. Plaintiff is a member of several protected classes as an African American woman.

23. Defendant, through its employees and agents, terminated Plaintiff's employment because of her race (African American).

24. Defendant immediately solicited a replacement for Plaintiff's position and replaced Plaintiff with an individual outside of Plaintiff's protected class.

25. Plaintiff suffered an adverse employment action in that her employment was terminated by Defendant because of her race.

26. Defendant's conduct was illegally motivated and constitutes unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant's conduct has injured Plaintiff entitling Plaintiff to damages, including, but not limited to, loss of pay, loss of benefits, emotional anguish, humiliation, embarrassment, and pain and suffering.

**SECOND CAUSE OF ACTION**
**Violation of 42 U.S.C. § 1981**

28. Plaintiff incorporates and realleges paragraphs 1-27.

29. Defendant fired Plaintiff because of her race.

30. By terminating Plaintiff's employment because of her race Defendant has deprived Plaintiff of the full and equal benefits of all laws, in violation of 42 U.S.C. §1981.

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays for the following relief:

1. Declaratory judgment that Defendant's actions are unlawful and violate Title VII of the Civil Rights Act of 1964;

2. Declaratory judgment that Defendant's actions are unlawful and violate 42 U.S.C. § 1981;

3. A permanent injunction against Defendant, its agents, successors, employees, attorneys, and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages against Plaintiff and from continuing all other practices shown to be in violation of applicable law;

4. Damages equal to the amount of wages, salary, employment benefits, and other compensation denied to or lost by Plaintiff as a result of Defendant's discriminatory conduct, together with interest thereon;

5. Compensatory and punitive damages for past and future losses resulting from Defendant's unlawful employment practices, including emotional pain and suffering;

6. Plaintiff's costs and attorneys' fees; and

7. Such other legal and equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated at Milwaukee, Wisconsin on this 12th day of December 2024.

**OVB LAW & CONSULTING, S.C.**
*Attorneys for Plaintiff*

Electronically Signed By:
*/s/ Kate M. Goodhart*
State Bar No. 1121648
*/s/ O. Emil Ovbiagele*
State Bar No. 1089677

826 N. Plankinton Ave, Suite 600
Milwaukee, WI 53203
Office: (414) 585-0588

Fax: (414) 255-3031  
kate@ovblaw.com  
emil@ovblaw.com